UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

ACORDA THERAPEUTICS, INC,

                        Petitioner,

                                                    **MEMORANDUM AND ORDER**

                - against -
                                                     23 Civ. 223 (NRB)
ALKERMES PLC,

                        Respondent.

-----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


        Petitioner  Acorda  Therapeutics,  Inc.  ("petitioner"  or

"Acorda")  brings  this  petition  under  the  Convention  for  the

Recognition and Enforcement of Foreign Arbitral Awards of June 10,

1958 (the "New York Convention"), 21 U.S.T. 2517, 330 U.N.T.S. 38,

and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10-12, 201-

208, to confirm in part and modify in part an award of $16,554,267

plus  interest  and  costs  (the  "Award")  issued  in  an  arbitration

between Acorda and Alkermes PLC ("respondent" or "Alkermes").  See

ECF  No.  1  ("Pet.").   While  Acorda  believes  that  the  Tribunal's

"core  rulings  were  indisputably  correct"  and  should  be  confirmed,

Acorda claims that the Tribunal manifestly disregarded the law in

its damages analysis, resulting in an improper damages reduction

of  $65,629,716.   See  ECF  No.  3  ("Pet.  Br.")  at  7.   For  the  reasons

stated  below,  Acorda's  petition  to  modify  the  Award  in  part  is

denied and the Award is confirmed in its entirety.

1

**BACKGROUND**

## A. Factual Background

### 1. Dispute Concerning Royalty Payments

This case arises from a dispute concerning royalty payments owed under two agreements -- the Amended and Restated License Agreement (the "License Agreement") and the Supply Agreement (collectively, the "Agreements") -- between Acorda and Elan Corporation, PLC, the predecessor in interest to Alkermes, which were executed in 2003.  See Pet. ¶ 9; ECF Nos. 6-2, 6-3.  Acorda is the developer of Ampyra, a medication to improve walking in people with multiple sclerosis.  See Pet ¶ 9.  Alkermes was the owner of the now-expired patent, U.S. Patent No. 5,540,938 (the "'938 Patent"), "which covered the sustained release of dalfampridine, the active pharmaceutical ingredient in Ampyra." Pet ¶ 10.  Pursuant to the Agreements, Alkermes agreed to license the '938 Patent to Acorda and manufacture Ampyra exclusively for Acorda.  Pet ¶¶ 9, 10.  In exchange, Acorda agreed to pay Alkermes a "specified royalty rate" of 18 percent and to "purchase a minimum percentage of Ampyra from Alkermes."  Pet ¶ 9.  The 18 percent royalty rate was split between the License Agreement, which provided for a 10 percent royalty, and the Supply Agreement, which provided for an 8 percent royalty.  See Pet. Br. at 10.

After the '938 Patent expired in July 2018, Acorda contended that "the expiration of the '938 Patent, at the very least, altered

2

the Agreements' royalty provisions" and "therefore sought a reduction in the price it was paying to Alkermes for future orders of Ampyra." See Pet ¶ 11. Alkermes disagreed. See Pet. Br. at 10. However, Acorda never terminated the Agreements and continued to pay royalties to Alkermes without protest until July 2020. See id. at 8. At that point, Acorda formally objected to its ongoing royalty charges under the License Agreement on the basis that those payments violated Brulotte v. Thys Co., 379 U.S. 29 (1964), which held that post-expiry patent leveraging is improper. See id. at 6, 11; ECF No. 20 ("Resp. Opp.") at 7. Acorda's objection did not reference the Supply Agreement. See Resp. Opp. at 7.

### 2. The Arbitration

#### i.    Pleadings

On July 28, 2020, Acorda commenced arbitration proceedings against Alkermes in the American Arbitration Association's ("AAA") International Centre for Dispute Resolution ("IDCR") Tribunal in New York, New York. See Pet. ¶¶ 16, 18. The Tribunal consisted of three distinguished, retired judges: the Honorable Robert S. Smith, the Honorable Arthur J. Gajarsa, and the Honorable Jose L. Linares. See id. ¶ 18; ECF No. 6-1 (the "Award") at 2; Resp. Opp. at 7.

Acorda asserted claims for: "(1) declaratory judgment as to whether Alkermes was entitled to patent-licensing royalties after the '938 Patent expired on July 30, 2018; (2) declaratory judgment

3

as to whether Alkermes was entitled to supply royalties above a fair market rate after July 30, 2018; (3) declaratory relief as to a return of overpayment; (4) unjust enrichment by retaining overpayment; (5) breach of the License Agreement; (6) monopolization in violation of Section 2 of the Sherman Act and the Donnelly Act; (7) attempted monopolization in violation of Section 2 of the Sherman Act and the Donnelly Act; and (8) breach of the implied covenant of good faith and fair dealing." Pet. ¶ 16. "Acorda sought a ruling from the Tribunal that Alkermes's ongoing royalty charges violated [Brulotte] . . . and that, as a result, Acorda is entitled to a refund of all royalties paid after the expiration of the '938 Patent." Pet. ¶ 16.

On August 17, 2020, Alkermes filed an answer, requesting that the Tribunal deny Acorda's claims. Pet. ¶ 17. Alkermes later filed an amended answer, in which it raised two counterclaims: "(1) correction of inventorship pursuant to 35 U.S.C. § 256; and (2) a declaratory judgment that the unexpired patents must be assigned to Alkermes." Id.

### ii. Motion Practice

The parties engaged in extensive motion practice in advance of an evidentiary hearing. Acorda filed motions to dismiss Alkermes' counterclaims and for an order permitting all future royalty payments to be held in escrow. See Pet. ¶ 19; Award at 4. After those motions were fully briefed and oral argument was held,

4

the Tribunal granted Acorda's motion to dismiss Alkermes' counterclaims and denied Acorda's motion to hold future payments in escrow.  See Award at 5.  Subsequently, the parties engaged in discovery, which was completed on July 23, 2021.  See Pet. ¶ 19. The parties then filed six motions for summary judgment, which were fully briefed on November 23, 2021.  See Pet. ¶ 20.

Following oral argument, the Tribunal issued a decision on April 11, 2022 regarding the summary judgment motions, which "(1) dismissed Acorda's claims for breach of contract and breach of the implied covenant of good faith and fair dealing; (2) denied Alkermes's motion as to Acorda's unjust enrichment/restitution claims; (3) denied Acorda's affirmative motion as to its claims for monopolization and attempted monopolization; and (4) granted Alkermes's motion as to Acorda's claims for monopolization and attempted monopolization."  Pet. ¶ 21; see also Award at 5-6.  In their decision, the Tribunal held that any recovery obtained by Acorda in connection with their claims of unjust enrichment and restitution would be limited to the recovery of royalty payments made after Acorda formally raised its Brulotte objection to Alkermes.  See Pet. ¶ 23; ECF No. 6-5 ("SJ Opinion") at 7.  In so holding, the Tribunal pointed to a "no-refund" clause in the Agreements, and noted that, due to the existence of the clause, it need not address Alkermes' additional argument that the New York Voluntary Pay Doctrine ("NYVPD") prevents Acorda from seeking a

5

return on the payments it made between July 2018 and July 2020. See SJ Opinion at 11-14.

In pre-hearing briefing, Acorda argued that the Tribunal's limitation on its requested recovery was improper because, if the Tribunal found that a Brulotte violation occurred, then the Agreements would be rendered unenforceable and all improper royalty payments made after the '938 Patent expired would be recoverable. See Pet. ¶ 25. After Alkermes responded and Acorda filed a reply, see Pet. ¶ 26-27, the Tribunal rejected Acorda's argument on May 27, 2022, stating that the Tribunal "already reviewed and rendered a determination on this issue" and thus would "not entertain evidence regarding payments made prior to July 2020 as said payments are no longer pertinent to this Arbitration," ECF No. 6-9 at 2.

### iii.  Evidentiary Hearing

The Tribunal held a final evidentiary hearing from June 1, 2022 to June 7, 2022. See Pet. ¶ 29. After post-hearing briefs and findings of fact and conclusions of law were filed, closing arguments were held on September 7, 2022. See Award at 6.

### iv.  The Award

On October 13, 2022, the Tribunal issued the Award, which spanned 23 pages.[1] See Award. The Tribunal held that Alkermes'

---

[1] The Award was modified on November 7, 2022 to correct a clerical error. See Pet. at 1; Award.

royalty charges post-dating the expiration of the '938 Patent violated Brulotte, and that the Agreements providing for those payments were thus unenforceable. See id. at 9-11 ("[In Brulotte], the Supreme Court explicitly held that 'use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se' . . . [and] [t]he conduct that the Supreme Court prohibited in 1964 is precisely what took place in the transaction between the Parties here . . . [thus] these post-patent royalties charged by Alkermes are 'unlawful per se' and are not enforceable."); id. at 11-15 (finding no Brulotte exceptions apply).

However, the Tribunal limited Acorda's "ability to recover unjust enrichment/restitution damages [to] all payments it made under protest." Id. at 18. As such, it awarded Acorda $16,554,267, which constituted the royalty payments it made under the License Agreement, after it formally protested those payments. See id. at 19 ("[While] [a]ll of the payments Acorda made after the '938 Patent expired were improper as Alkermes was no longer to entitled to any royalty payments . . . [u]nder the NYVPD, payments that are made with full knowledge of the facts, even if made under mistake of law are not recoverable.") (internal citations and quotation marks omitted). The Tribunal did not award Acorda any damages under the Supply Agreement because, in its "July 2020 protest letter[,] Acorda explicitly only referenced the License Agreement" and "never formally protested the payments it made under the Supply

Agreement." Id. at 20. The Tribunal acknowledged that "while it is true that the Tribunal has concluded that the License and Supply Agreement are so intertwined that they must be treated as a single agreement for purposes of the unenforceability analysis above . . . New York's law requires the protest to be in writing and explicit as to the rights being asserted and/or preserved." Id.

Accordingly, the Tribunal awarded Acorda the $16,554,267 in royalty payments that it held Acorda was owed under the License Agreement with 9 percent pre-judgment interest of $1,689,528.49 and $13,219.67 in arbitration costs. See id. at 22-23. "Alkermes has paid the sums awarded in the Award." Pet. ¶ 40.

## B. Procedural History

On January 10, 2023, Acorda filed this petition to: (1) "[m]odify[] the Award, in part, pursuant to 9 U.S.C. §§ 10-12, to rectify that portion of the Award in which the Tribunal manifestly disregarded applicable law by giving effect to the unlawful and unenforceable Agreements by allowing Acorda to recover the royalties paid under the License Agreement during the period July 2018 through July 2020, and the royalties paid under the Supply Agreement after July 2018"; (2) "[c]onfirm[] and recogniz[e] the Award, as modified pursuant to th[e] Petition, pursuant to 9 U.S.C. § 207"; and (3) "[e]nter[] judgment in Acorda's favor and against Alkermes in the amount of the Award, as modified pursuant to th[e] Petition to include the $65,629,716 in

8

damages . . . that the Tribunal improperly excluded from the Award, with pre- and post-award interest and costs as provided therein and as authorized by law, plus the costs of this proceeding." Pet. ¶ 52.  On February 8, 2023, Alkermes filed an opposition to Acorda's petition, in which it asked the Court to "deny the petition, reject any modification, and confirm the Award."  See Resp. Opp. at 7.  Acorda filed a reply in support of its petition on February 22, 2023.  See ECF No. 28 ("Pet. Reply").[2]

## LEGAL STANDARD

### A. The FAA and New York Convention

Both the FAA and the New York Convention are implicated in this case:  the FAA because the Award was entered in the United States, and the New York Convention because one of the parties, Alkermes, is a foreign corporation.  See Pet ¶¶ 1-4; ECF No. 5 at 2; Beijing Shougang Mining Inv. Co. v. Mongolia, 11 F.4th 144, 159 (2d Cir. 2021); Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012) (hereinafter "Scandinavian Re"); Zeiler v. Deitsch, 500 F.3d 157, 164 (2d Cir. 2007).

### B. Standard of Review

"The role of a district court in reviewing an arbitration award is 'narrowly limited.'"  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 103 (2d Cir.

---

[2] The Court granted the parties' requests for extensions on their respective deadlines to file their opposition and reply briefs.  See ECF No. 11.

9

2013) (hereinafter "Kolel Beth") (quoting Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 19 (2d Cir. 1997)).  Although the FAA empowers the Court to "confirm and/or vacate the award, either in whole or in part . . . a petition brought under the FAA is not an occasion for de novo review of an arbitral award," Scandinavian Re, 668 F.3d at 71 (internal quotation marks omitted), nor an occasion for the court to conduct a "reassessment of the evidentiary record," Wallace v. Buttar, 378 F.3d 182, 193 (2d Cir. 2004); see also Scinto v. Life Ins. Co. of North Am., 20 F. App'x 45, 47 (2d Cir. 2001) ("An arbitrator's error in fact finding does not provide a grounds for reversal").

Instead, "arbitration panel determinations are generally accorded great deference under the FAA."  Tempo Shain, 120 F.3d at 19; see also Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007) ("This Court has repeatedly recognized the strong deference appropriately due [to] arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process.").  The purpose of such deference is to vindicate the "twin goals of arbitration, namely settling disputes efficiently and avoiding long and expensive litigation."  Kolel Beth, 729 F.3d at 103 (quoting Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 405 (2d Cir. 2009)) (internal quotation marks omitted).

10

**C.  Grounds to Confirm, Modify, or Vacate Under the FAA**

Under the FAA, "any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.  Generally, a district court may vacate an arbitral award "only upon finding a violation of one of the four statutory bases [enumerated in the FAA],[3] or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law."[4]  Porzig, 497 F.3d at 139; see also Kellner v. Amazon, No. 22-734, 2023 WL 2230288, at *1 (2d Cir. Feb. 27, 2023) (summary order); T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339-40 (2d Cir. 2010); Wallace, 378 F.3d at 189.

---

[3] The four statutory bases for vacatur are: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a).

[4] The Supreme Court has cast doubt on the ongoing viability of the manifest disregard doctrine. See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 584-91 (2008) (holding that §§ 10 and 11 of the FAA specify the exclusive grounds for vacating, modifying, or correcting an arbitration award); cf. Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp., 559 U.S. 662, 672 n. 3 (2010) ("We do not decide whether 'manifest disregard' survives our decision in [Hall Street Associates] as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10.").  Nevertheless, the Second Circuit has concluded that the doctrine has survived. See Sutherland Glob. Servs., Inc. v. Adam Techs. Int'l SA de C.V., 639 F. App'x 697, 699 (2d Cir. 2016); T.Co, 592 F.3d at 340.

"A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co., 57 F.4th 372, 383 (2d Cir. 2023) (quoting T.Co, 592 F.3d at 339); see also DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 821 (2d Cir. 1997) ("[T]he manifest disregard standard . . . gives extreme deference to arbitrators."). The party seeking vacatur must establish that: "(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case." Smarter Tools Inc., 57 F.4th at 383 (quoting Porzig, 497 F.3d at 139).

"A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law." Wallace, 378 F.3d at 190. Indeed, "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006), even if the "court[] disagree[s] with it on the merits." Wallace, 378 F.3d at 190. "A 'barely colorable justification' exists so long as the arbitrators had reasoning on which they 'could have justifiably

rested their decision.'" Smarter Tools Inc., 57 F.4th at 383 (quoting Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 13–14 (2d Cir. 1997)) ("finding that an offered justification satisfied the 'barely colorable' standard because it presented no error 'that an average person qualified to serve as an arbitrator should have instantaneously perceived and corrected'"). However, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair & Co., 462 F.3d at 110 (internal citations and quotation marks omitted).

Additionally, the court may only modify or correct an arbitral award: (1) "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (2) "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;" or (3) "[w]here the award is imperfect in matter of form not affecting the merits of the controversy."  9 U.S.C. § 11.

**DISCUSSION**

### A. Modification of the Award

Acorda argues that the Award should be modified in part, but it does not assert any of the FAA's statutory bases for

13

modification.  See 9 U.S.C. § 11.  Rather, Acorda argues that the Tribunal "manifestly disregarded applicable and preemptive federal law."  Pet. Br. at 6.  However, since the Supreme Court cast doubt on the ongoing viability of the manifest disregard doctrine in Hall St. Assocs., L.L.C., 552 U.S. at 584-91, the doctrine has only been recognized by the Second Circuit as a basis for vacatur, not modification.  See e.g., Sutherland Glob. Servs., Inc., 639 F. App'x at 699 ("[A]s judicial gloss on the specific grounds for vacatur of arbitration awards in the FAA, an arbitrator's manifest disregard of the law or of the terms of the arbitration agreement remains a valid ground for vacating arbitration awards.") (internal citations and quotation marks omitted); cf. Berkowitz v. Gould Paper Corp., No. 21 Civ. 6582 (VEC), 2022 WL 118232, at *2 (S.D.N.Y. Jan. 12, 2022) (finding petitioner's attempt to "confirm the arbitration award's finding of age discrimination but vacate damages through what he has termed a petition to modify" was "inappropriate" "gamesmanship"); Josephthal & Co. v. Cruttenden Roth Inc., 177 F. Supp. 2d 232, 239 (S.D.N.Y. 2001) ("'Manifest disregard of the law,' which JCI has asserted here, will simply never justify a request to modify an arbitration award, only as grounds to vacate.").  In any event, the Court finds that the Tribunal did not manifestly disregard the law.

Acorda asserts two arguments in support of its claim that the manifest disregard standard has been met.  First, Acorda argues

14

that "the Tribunal manifestly disregarded the law by invoking state law," which "allow[ed] Alkermes to retain illegal royalty payments that it demanded after expiration of its patent" and "upend[ed] the entire framework governing the Patent Act as set forth in Brulotte and its progeny." Pet. Br. at 8 (citing Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 152, 165 (1989)). Second, Acorda argues that "by allowing Alkermes to keep the tens of millions of dollars in royalty payments it demanded and collected after the expiration of its patent, the Award also gives effect to licensing agreements that the Tribunal (and Supreme Court) determined were illegal" and "therefore violates the fundamental rule that 'no court will lend its assistance in any way towards carrying out the terms of an illegal contract.'" Pet. Br. at 8-9 (citing Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 77 (1982); Fleetwood Servs., LLC v. Ram Cap. Funding, LLC, No. 20 Civ. 5120 (LJL), 2022 WL 3536128, at *6 (S.D.N.Y. Aug. 17, 2022)). Neither argument meets the standard for manifest disregard.

In Brulotte, the defendants-petitioners were sued by plaintiff-respondent after they "refused to make royalty payments accruing both before and after the expiration of [plaintiff-respondent's] patents." 379 U.S. at 30. During the litigation, the defendants-petitioners asserted an affirmative defense of "misuse of the patents through extension of the license agreements beyond the expiration date of the patents." Id. The trial court

15

ruled in favor of the plaintiff-respondent, and the Supreme Court of Washington affirmed.  Id.  The Supreme Court "reversed [the judgment below] insofar as it allows royalties to be collected which accrued after the last of the patents incorporated into the machines had expired."  Id.  As a result, the defendants-petitioners did not owe the plaintiff-respondent its unpaid royalties from the period after the subject patent expired.  Id.

This case presents a different set of facts.  While the Agreements similarly provided for royalty payments after the expiration of the '938 Patent, Acorda -- unlike the defendants-petitioners in Brulotte -- continued to pay Alkermes over $80 million in royalties for years after the expiration of the '938 Patent.  See Pet. Br. at 8.  As a result, Alkermes does not seek to recover unpaid royalties, like the plaintiff-respondent in Brulotte had.  Instead, Acorda commenced arbitration proceedings to obtain a refund of their payments.  See Pet. ¶ 52.

Accordingly, the Tribunal held that Brulotte rendered the Agreements unenforceable but did not dictate whether the royalties that had already been paid by Acorda needed to be refunded.  See Award at 19; SJ Opinion at 14.  Indeed, Brulotte and its progeny do not provide clear guidance on whether royalties that have already been paid under offending contracts are recoverable.  See Kimble v. Marvel Ent., LLC, 576 U.S. 446, 446 (2015) ("[Brulotte] held that the post-patent royalty provision was 'unlawful per

16

se.'"); Brulotte, 379 U.S. at 34 (holding that the parties' licensing agreement that provided for post-expiry royalties was "unenforceable"); Resp. Opp. at 24 ("Acorda has not cited any case law to this Court holding that Brulotte itself requires a refund of post-expiration royalties."). As such, this Court cannot conclude that the Tribunal refused to apply a clear legal principle on that issue.

Without a bright-line rule, it appears that the Tribunal looked elsewhere for guidance on whether Acorda's royalties should be refunded. In its summary judgment decision, the Tribunal focused on the language of the Agreements' "no-refund" clause and held that, under that clause, payments that were made voluntarily (i.e., not under protest) should not be refunded. See SJ Opinion at 13-15. The Tribunal further noted that the "NYVPD might [similarly] preclude any refund remedy for payments by Acorda that were made voluntarily," but it did not reach that argument given the "no-refund" provision alone "rendered such a refund unavailable."[5] Id. at 13-14. After receiving additional pre-hearing briefing from the parties on this issue, the Tribunal denied Acorda's request for reconsideration, holding that it "already reviewed and rendered a determination on this issue." ECF No. 6-9 at 2. In the Award, the Tribunal reiterated its

---

[5] Contrary to Acorda's suggestion, the Tribunal did not "squarely reject" Alkermes' attempt to rely on the NYVPD in its summary judgment decision. See Pet. Br. at 21; SJ Opinion at 13-14.

holding that payments made without protest would not be refunded by relying on the NYVPD.  See Award at 19 ("Under the NYVPD, payments that are 'made with full knowledge of the facts, even if made under mistake of law' are not recoverable." (citing Dillon v. U-A Columbia Cablevision of Westchester, Inc., 292 A.D.2d 25, 26 (2d Dep't 2002)).

The Tribunal's reliance on these sources and ultimate decision to not award restitution for payments made without protest is further supported by some district courts' post-Brulotte holdings that that royalties paid after the expiration of a patent should not be refunded.  See Resp. Br. at 23 (citing Zila, Inc. v. Tinnell, No. 2:00-cv-1345 (KJD), (D. Nev. Apr. 22, 2004), ECF No. 172, rev'd and remanded on other grounds, 502 F.3d 1014 (9th Cir. 2007), in which the district court found that royalties paid under an agreement rendered unenforceable by Brulotte should not be refunded because "a party has no claim in restitution for performance that he has rendered . . . in return for a promise that is unenforceable on grounds of public policy" (citing Restatement (Second) of Contracts § 197 (1981)), and Tessera, Inc. v. Toshiba Corp., 15 Civ. 2543 (BLF), 2019 WL 5395158, at *6 (N.D. Cal. Oct. 22, 2019), in which the district court rejected the defendant's "counterclaim for refund" of royalties under Brulotte because "Brulotte would only exclude [an] affirmative claim for unpaid royalties due after expiration of a patent"); cf. MedImmune,

18

LLC v. PDL BioPharma, Inc., No. 08-5590 (JF) (HRL), 2011 WL 61191, at *22-23 (N.D. Cal. Jan. 7, 2011) (holding petitioner was not entitled to restitution of royalty payments based on an invalidated patent).

Acorda's new argument that the NYVPD is pre-empted by federal patent law -- which was not specifically raised before the Tribunal and fails for that additional reason -- does not change this outcome, given Brulotte and its progeny have not clearly articulated a rule on the refund of royalties. See Resp. Opp. at 25-26; ECF Nos. 6-4, 6-6; Wallace, 378 F.3d at 197 ("[Because] the Panel had no argument before it to the effect that punitive damages could not be awarded . . . we find no basis for holding that this portion of the Award was based on a manifest disregard of the law."). Nor does Acorda's argument that the Tribunal manifestly disregarded the law by giving effect to an illegal contract hold weight. As noted, the Tribunal held that Brulotte did, in fact, render the Agreements unenforceable. See Award at 18. The Tribunal's decision to limit restitution to payments made under protest is not equivalent to upholding the Agreements. Therefore, Acorda's petition to modify the Award in part is denied.

**B. Confirmation of the Award**

Acorda "has not asserted any separate arguments in opposition to the confirmation order, and an arbitration award should be confirmed where, as here, there are no grounds for modification or

vacatur." <u>Kellner</u>, 2023 WL 2230288, at *3 (citing 9 U.S.C. § 9). Thus, the Award is confirmed in its entirety.

**CONCLUSION**

In sum, Acorda has failed to establish that the Tribunal manifestly disregarded the law in rendering the Award. Accordingly, Acorda's petition to modify the Award in part is denied and the Award is confirmed in its entirety. The Clerk of Court is respectfully instructed to enter judgment for respondent and close the case.

**SO ORDERED.**

Dated:    New York, New York
          August 4, 2023

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE